U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS KRZYMINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY,<br><br>    Defendant. | No. 2:19-cv-00238-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE** |

Before the Court is Defendant's Motion to Dismiss Under 12(b)(6), ECF No. 23. A hearing on the motion was held on December 5, 2019, in Spokane, Washington. Plaintiff was represented by Matthew Z. Crotty and Thomas G. Jarrard. Defendant was represented by Paul M. Ostroff and Michael T. Kitson.

Plaintiff Thomas Krzyminski is suing Defendant Spokane County under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA") for alleged violations of the statute relating to missed contributions to the PERS 2 retirement plan after he returned from active duty in 2009. ECF No. 19. Plaintiff is bringing three claims: (1) under § 4318 for failing to make contributions and denying Plaintiff the right to make contributions to the retirement plan by failing to give timely and adequate notice to the plan administrator and denying his service credit for periods of military service; (2) under §§ 4312 and 4313 for failing to properly reemploy Plaintiff in the position of employment with like seniority, status, pay and pension benefits he would have

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 1**

enjoyed if his employment with Defendant had not been interrupted by his military service; and (3) under §§ 4316 and 4334 by failing to provide adequate or timely notice of the mandatory restorative pension rights that Plaintiff is entitled to under USERRA. *Id.*

Plaintiff asks the Court to (1) declare that Defendant's denial of Plaintiff the right to make contributions to a retirement plan, and the failure to give timely and adequate notice to the plan administrator as required under the USERRA was unlawful and violated 38 U.S.C. § 4318; (2) order that Defendant take all steps necessary to give Plaintiff all retirement rights and benefits he is allowed under USERRA; and (3) order such other relief as may be just and proper. *Id.* He is also seeking economic damages, double damages, and reasonable attorney and expert fees.

## Motion Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 2**

fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**Plaintiff's Complaint**

The following facts are taken from Plaintiff's Complaint:

Plaintiff works as an attorney for Spokane County. During the relevant time period, he was also a member of the Washington Air National Guard. He was mobilized on June 1, 2008 in support of Operation Enduring Freedom ("OEF"). He served on active duty in support of OEF from June 1, 2008 through September 30, 2009 and received an honorable discharge.

On November 3, 2009, Plaintiff informed Defendant's Human Resources ("HR") that he had returned from military leave. He asked HR whether his previously existing benefits would be reinstated.

Plaintiff has a membership in the Public Employees' Retirement System Plan (PERS 2) retirement plan. Defendant did not tell Plaintiff that he needed to make any employee contributions to the plan, nor did Defendant allocate the amount of employer or employee make-up pension contributions. Defendant did not inform the Department of Retirement Systems ("DRS") of Plaintiff's reemployment within 30 days of his return to work. Defendant also failed to give Plaintiff pension service credit. Specifically, Plaintiff has not received any pension service credit for the July 2008 to October 2009 time period.

During the mid-2016 timeframe, Plaintiff discovered that Defendant did not provide him with pension service credit for the July 2008 to October 2009 time period when he was on military leave of absence. Plaintiff notified HR of these omissions and HR told him to contact the DRS to rectify the situation. Plaintiff notified DRS of the issue and requested that he be given pension service credit. DRS told Plaintiff that his claim was untimely because he missed the five-year statutory cut-off required under state law. DRS gave Plaintiff the option of purchasing the credit for approximately $85,000.

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 3**

Plaintiff appealed the DRS's decision, which was denied. DRS concluded that Plaintiff failed to make his employee contribution to his PERS 2 account within five years of his return to work as required by Wash. Rev. Code § 41.40.710.

**Uniform Services Employment and Reemployment Rights Act (USERRA)**

Federal law provides protections for persons who leave civilian careers and employment to serve in the uniform services. 38 U.S.C. § 4301. Congress enacted ESERRA (1) "to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service"; (2) "to minimize the disruption" to the lives of servicemembers and their employers "by providing for the prompt reemployment of such persons upon their completion of such service"; and (3) to prohibit discrimination against servicemembers. 38 U.S.C. § 4301(a).

1. 38 U.S.C. § 4312 & 4313

Section 4312 of USERRA provides a right to reemployment for members of the armed services who comply with statutory notification requirements. 38 U.S.C. § 4312; *Wallace v. City of San Diego*, 479 F.3d 616, 625 (9th Cir. 2007). Compensatory damages for failing to reemploy a person in violation of section 4312 are governed by § 4323(d)(1)(B), which imposes no time limit. *Wallace*, 479 F.3d at 625; *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir. 2006)

For returning veterans who were deployed for over 90 days, reemployment is to "the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform." 38 U.S.C. § 4313(a)(2)(A).

Regulations promulgated under USERRA note that generally, "the employee is entitled to reemployment in the job position that he or she would have

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 4**

attained with reasonable certainty if not for the absence due to uniformed service." 20 C.F.R. § 1002.191. This position is referred to as the "escalator position." *Id*. The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted (or, alternatively, demoted, transferred, or laid off) due to intervening events. *Id.* The escalator principle requires that the employee be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job perquisites, that he or she would have attained if not for the period of service. *Id.* Depending upon the specific circumstances, the employer may have the option, or be required, to reemploy the employee in a position other than the escalator position. *Id.*

The reemployment rights protected by §§ 4312 and 4313 apply only at the instant of reemployment; other sections of USERRA operate to protect employees after they are properly reemployed. *Francis*, 452 F.3d 299 at 304. ("In short, § 4312 requires an employer to rehire covered employees; § 4311 then operates to prevent employers from treating those employees differently after they are rehired; and § 4316 prevents employers from summarily dismissing those employees for a limited period after they are rehired. While combining to form comprehensive protection from the point of rehire to untimely dismissal, each provision is nonetheless functionally discrete.").

2.   38 U.S.C. § 4316

Section 4316(b)(1) requires employees on military leave to be provided with comparable rights and benefits to which those on non-military absences are entitled. 38 U.S.C § 4316(b)(1). If a right and benefit is not provided to an employee on a non-military related absence, the right or benefit is not due the employee on military leave. § 4316(b)(3); 20 C.F.R. § 1001.149.

Specifically, a service member who is reemployed "is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 5**

additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed." 38 U.S.C. § 4316(a). "In determining entitlement to seniority and seniority-based rights and benefits, the period of absence from employment due to or necessitated by uniformed service is not considered a break in employment." 20 C.F.R. § 1002.210. While on active duty, the service member is generally to be "deemed to be on furlough or leave of absence." 38 U.S.C. § 4316(b)(1)(A). Service members are additionally:

> Entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1)(B).

Section 4316(c) temporarily changes the at-will employment status of returning veterans. *Francis*, 452 F.3d at 308. For a certain period of time (dependent on the veteran's length of military service), an employer cannot discharge the returning veteran "except for cause." *Id.*

Section 4316 does not cover employee pension benefit plans.[1] § 4316(b)(B).

### 3. 38 U.S.C. § 4318

Section 4318 of USERRA governs pension plans for returning veterans. 38 U.S.C. § 4318. An employer reemploying a veteran shall "be liable to an employee pension benefit plan for funding any obligation of the plan . . . and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service." 38 U.S.C. § 4318(b)(1). Under 38 U.S.C. § 4318(b)(1), a person reemployed under this chapter shall be treated as not having incurred a

---

[1] 38 U.S.C. § 4316(b) states: (6) The entitlement of a person to a right or benefit under an employee pension benefit plan is provided for under section 4318.

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 6**

break in service with the employer maintaining a pension benefit plan due to service in the uniformed services. This section specifically provides that:

> Each period served by a person in the uniformed services shall, upon reemployment under this chapter, be deemed to constitute service with the employer . . . maintaining the plan for purposes of nonforfeitability of the person's accrued benefits and for the purpose of determining accrued benefits under the plan.

38 U.S.C. § 4318(a)(2)(B).

The section also provides that a service member reemployed under this chapter may obtain retirement service credit under a contributory pension plan by making up his or her missed contributions to the plan within five years of reemployment, but only to the extent the person makes payments to the plan. 38 U.S.C. § 4318(b)(2). Such makeup contributions may not exceed the amount the persons would have made if the person had remained continuously employed throughout the period of service. *Id.*

> 20 C.F.R. § 1002.261 provides:
> With the exception of multiemployer plans, which have separate rules discussed below, the employer is liable to the pension benefit plan to fund any obligation of the plan to provide benefits that are attributable to the employee's period of service. In the case of a defined contribution plan, once the employee is reemployed, the employer must allocate the amount of its make-up contribution for the employee, if any; his or her make-up employee contributions, if any; and his or her elective deferrals, if any; in the same manner and to the same extent that it allocates the amounts for other employees during the period of service. In the case of a defined benefit plan, the employee's accrued benefit will be increased for the period of service once he or she is reemployed and, if applicable, has repaid any amounts previously paid to him or her from the plan and made any employee contributions that may be required to be made under the plan.

§ 1002.261.

20 C.F.R. § 1002.262(a) provides that "The employer is not required to make its contribution until the employee is reemployed." Subsection (b)

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 7**

specifically provides an employee is "allowed (but not required) to make up his or her missed contributions." § 1002.262(b). Under subsection (c), if an employee does not make up his or her contributions, he or she will not receive the employer match or accrued benefits attributable to his or her contribution because employer contributions are contingent on or attributable to the employee makeup contributions. § 1002.262(c).

### 4. Other provisions

38 U.S.C. § 4334(a) requires:

(a) Requirement to provide notice.--Each employer shall provide to persons entitled to rights and benefits under this chapter a notice of the rights, benefits, and obligations of such persons and such employers under this chapter. The requirement for the provision of notice under this section may be met by the posting of the notice where employers customarily place notices for employees.

38 U.S.C. § 4327(b) states:

(b) Inapplicability of statutes of limitations.--If any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

USERRA "supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by [USERRA], including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit." 38 U.S.C. § 4302(b).

Even though courts should construe certain veterans' statutes liberally, they are not permitted to create rights out of whole cloth. *Bowlds v. General Motors Mfg. Div. of General Motors Corp.,* 411 F.3d 808, 812 (7th Cir. 2005).

//
//

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 8**

## Washington Law

The Washington State Legislature (legislature) enacted Wash. Rev. Code Chapter 73.16 to comply with federal law. The legislature expressed its intent as follows:

> (1) It is the intent of the legislature to guarantee employment rights of members of the reserve and national guard forces who are called to active duty. The federal uniformed services employment and reemployment rights act of 1994 protects all such federal personnel. The legislature intends that similar provisions should apply to all such state personnel. Therefore, the legislature intends for chapter 133, Laws of 2001 to ensure protections for state-activated personnel similar to those provided by federal law for federal-activated personnel.
>
> (2) The purposes of this chapter are to:
>     (a) Encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment that can result from such service;
>     (b) Minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and
>     (c) Prohibit discrimination against persons because of their service in the uniformed services.

Wash. Rev. Code § 73.16.005.

Under Wash. Rev. Code § 73.16.055(1)(b), a person "reemployed under this chapter shall be treated as not having incurred a break in service with the state because of the person's period of service in the uniformed services."

For contributory employee pension plans:

> A person reemployed by the state under this chapter is entitled to accrued benefits ... that are contingent on the making of, or derived from, employee contributions ... only to the extent the person makes payment to the plan with respect to such contributions or deferrals. No such payment may exceed the amount the person would have been permitted or required to contribute had the person remained

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 9**

continuously employed by the state throughout the period of uniformed service. Any payment to the plan described in this subsection shall be made during the period beginning with the date of reemployment and whose duration is three times the period of the person's services, such payment period in the uniformed services, not to exceed five years.

Wash. Rev. Code § 73.16.055(3).

Wash. Rev. Code Chapter 41.40 governs the administration of PERS plans: Plan 1, Plan 2, and Plan 3. Under Wash. Rev. Code § 41.40.170, a plan member who leaves an employer to enter military service "shall be deemed to be on military leave of absence."

Wash. Rev. Code § 41.40.710(4) provides that a plan member who leaves employment to enter active duty in the military "shall be entitled to retirement service credit for up to five years of military service." It also directs that this subsection "shall be administered in a manner consistent with the requirements of USERRA." *Id.* To qualify for retirement service credit, the member must apply "for reemployment with the employer who employed the member immediately prior to the member entering uniformed service within ninety days of the member's honorable discharge from uniformed service. Wash. Rev. Code § 41.40.710(4)(a)(i). In addition, this statute requires the member to exercise one of three options to qualify for service credit as follows:

> (ii) The member makes the employee contributions required under RCW 41.45.061 and 41.45.067 within five years of resumption of service or prior to retirement, whichever comes sooner; or
> (iii) Prior to retirement and not within ninety days of the member's honorable discharge or five years of resumption of service [employment] the member pays the amount required under RCW 41.50.165(2); or
> (iv) Prior to retirement the member provides to the director proof that the member's interruptive military service was during a period of war as defined in RCW 41.04.005. . .

Under the first option, a qualifying member pays the employee contributions

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 10**

at the required contribution rates for Plan 2 in effect during the time period in question. In other words, the qualifying member's makeup contributions are the same as the contributions he would have made if he had continued his employment uninterrupted. The second option provides an additional benefit for a member who do not otherwise qualify for retirement service credit under Wash. Rev. Code § 41.40.710(4)(a)(i) and (ii). This additional benefit, however, includes an increase in cost for makeup contributions, which are calculated at the actuarial value of the resulting increase in benefit. The third option allows a member to obtain service credit for interruptive military service at no cost if the member provides proof prior to retirement that the member's military service was during a period of war.

## Analysis

### 1. Count 1, Violation of 38 U.S.C. § 4318

Plaintiff's claim under § 4318 is not whether Plaintiff was required to make up his employee contribution in order to get service credits. Case law is clear that he needs to do that. The question instead is whether Spokane County had a duty to tell him that he needed to do so. The answer is no. The USERRA does not mandate that an employer must notify the employee to tell him how much he needed to pay to make up the contributions or to automatically take out the amount the employee owed to make up the payments from his paycheck if the employee's prior contributions were previously automatically taken out.

Although Plaintiff alleges that PERS 2 is a multiemployer, defined contribution plan, it is not. Rather, PERS 2 is a defined benefit plan. Thus, 20 C.F.R. § 1002.261 allocation requirements do not apply and do not create a notice requirement on the part of the employer. Nor does the Fact Sheet relied on by Plaintiff create an affirmative duty on the part of the employer to notify the employee that a make-up contribution is required to maintain service credits during military leave and how and when to make up the contribution.

Notably, a DRS publication states that in order to recover interruptive

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 11**

military service credit, an employee must do four things: (1) Leave DRS-covered employment to serve in one of the armed forces of the United States; (2) Receive an honorable discharge; (3) Return to employment with their DRS-covered employer within 90 days of leaving military service; and (4) Send DRS a copy of the employee's DD214, or Certificate of Release or Discharge from Active Duty. ECF No. 24, Ex. 3. After receiving the documents, DRS reviews the documents and employment history and notifies the employee of its findings. *Id.* Also, the DRS website instructs employees who wanted to find out if they are eligible to receive interruptive service credit to send their request for a determination along with documentation of their military service to the DRS for review. ECF No. 24, Ex. 4. In his First Amended Complaint, Plaintiff alleged facts that meet the first three requirements but there is nothing in the record indicating he complied with the fourth.

Plaintiff has failed to allege a violation of 38 U.S.C. § 4318.

### 2. Count 2, 38 U.S.C. §§ 4312 & 4313

The Court adopts the reasoning of the Fourth Circuit in concluding that the employment rights protected by §§ 4312 and 4313 apply only at the instant of reemployment, and that other sections of USERRA operate to protect employees after they are properly reemployed. *See Francis*, 452 F.3d at 304; *see also Bowlds*, 411 F.3d at 813 ("Simply put, by rehiring Mr. Bowlds immediately after his discharge from the Army in 1969, General Motors fulfilled its obligations under the VRRA."). Plaintiff has failed to allege a violation of 38 U.S.C. §§ 4312 and 4313.

### 3. Count 3, 38 U.S.C. §§ 4316 and 4334

38 U.S.C. § 4316(b)(6) states that the entitlement of a person to a right or benefit under an employee pension benefit plan is provided for under § 4318. Thus, Plaintiff's claim regarding his right or benefit under PERS 2 is governed by § 4318, not § 4316. Plaintiff's arguments that § 4316(b)(2)(B) creates an

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 12**

affirmative duty on the part of an employer to notify an employee of his obligations to make up contributions to the pension benefit plan is without merit.

Moreover, Plaintiff has failed to allege facts that Defendant failed to post the required notice. While he takes issue with the content of the notice and asserts that the notice should have informed employees of their obligations to make up contributions to their pension benefit plan, this argument is not supported by the regulations or statutes. There is no affirmative duty in USSERA that requires an employer to provide notice regarding pension restoration.[2]

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No 23, is **GRANTED**.
2. Defendant's Motion to Dismiss, ECF No. 12, is **DENIED**, as moot.
3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 9th day of December 2019.

Stanley A. Bastian
United States District Judge

---

[2] While the Court is sympathetic to Plaintiff's suggestions that the email response to his questions concerning restoration of his benefits was inadequate or incomplete, Plaintiff has failed to allege such a claim. In any event, given that there is no longer federal subject matter jurisdiction, the Court will not entertain any amendments to the Complaint.

**ORDER GRANTING MOTION TO DISMISS; CLOSING FILE ~ 13**