UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS KRZYMINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY,<br><br>    Defendant. | No. 2:19-cv-00238-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 34. The motion was heard without oral argument. Plaintiff is represented by Matthew Z. Crotty and Thomas G. Jarrard. Defendant is represented by Paul M. Ostroff and Michael T. Kitson.

    Plaintiff Thomas Krzyminski is suing Defendant Spokane County under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA") for alleged violations of the statute relating to missed contributions to the PERS 2 retirement plan after he returned from active duty in 2009.

    The Court granted Defendant's Motion to Dismiss on December 9, 2019. ECF No. 32. In its Order, the Court concluded that an employer does not have a duty to tell an employee returning from military service that the employee needs to make up his employee contribution in order to get service credits. *Id.* at 11 ("The USERRA does not mandate that an employer must notify the employee to tell him how much he needed to pay to make up the contributions or to

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

automatically take out the amount the employee owed to make up the payments from his paycheck if the employee's prior contributions were previously automatically taken out.").

**Motion Standard**

Motions for reconsideration are generally disfavored and are considered an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**Analysis**

It was not the Court's intention in its Order to require Plaintiff to do something outside of USERRA to obtain notice of his pension benefits. The citation to the DRS website was for illustrative purposes only. Plaintiff has not convinced the Court that it erred in concluding that USERRA does not impose on Spokane County an affirmative duty to tell an employee returning from military service that the employee needs to make up his employee contribution in order to get service credits. Moreover, 38 U.S.C. § 4334(a) states that the employer's requirement to provide notice of the rights, benefits, and obligations of the USERRA can be met by posting the notice where employers customarily place

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

notices for employees. The Court noted that Plaintiff did not allege any facts that Spokane County violated § 4334 by failing to place the required notice where it customarily places its notices for its employees.

It is unfortunate that Plaintiff is not going to receive credit for his military service. In order to do so, USERRA requires Plaintiff to make up the contributions within five years of reemployment. It is undisputed that Plaintiff did not do so, and the question, as the Court sees it, is who is at fault for his failure to do so. Plaintiff argues the USERRA imposes a duty on Spokane County to tell him how much he needed to pay in order to make up the contributions or automatically take out the amount from his paychecks. The Court disagrees. *See Bowlds v. General Motors Mfg. Div. of General Motors Corp*, 411 F.3d 808, 812 (7th Cir. 2005) (instructing that while courts should construe certain veterans' statutes liberally, they are not permitted to create rights out of whole cloth).

Plaintiff has not convinced the Court that reconsideration is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, ECF No. 34, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 18th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**